IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LAURANCE KRIEGEL,              § | |
| § | |
| Plaintiff,                             § | |
| § | |
| v.                                         § | Civil Action No. 2:17-cv-00216-D-BP |
| § | |
| U.S. DEPARTMENT OF         § | |
| AGRICULTURE, *et al.*,              § | |
| § | |
| § | |
| Defendants.                        § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants United States Department of Agriculture ("USDA") and the United States Department of Agriculture Farm Services Agency ("FSA") move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff Laurance Kriegel's claims seeking to change the nation's agricultural policy and rate of financial support provided to farmers. Over twenty-five years ago, in a suit against the United States, Plaintiff filed the same cause of action, among others, and sought similar relief. United States District Judge Mary Lou Robinson granted summary judgment to the United States on each of Plaintiff's claims, specifically ruling that requiring the establishment of a different agricultural benefit program that included parity rested with Congress—not with this Court. *Kriegel v. United States*, No. 2:89-cv-00175-J (N.D. Tex. Oct. 24, 1991), *aff'd*, 988 F.2d 1213 (5th Cir. 1993).

In this case, Plaintiff resumes his quest for a change in national agricultural policy by Court order and seeks a writ directing the USDA and FSA to adopt a parity program or a 100-percent parity loan. Defendants respond that sovereign immunity bars Plaintiff's claims, and that even if Plaintiff had the right to pursue these claims in federal court, Judge Robinson's prior judgment

bars Plaintiff's claims under the res judicata doctrine. After considering the pleadings of the parties and applicable law, the undersigned **RECOMMENDS** that United States District Judge Sidney A. Fitzwater **GRANT** Defendants' Motion to Dismiss and dismiss Plaintiff's claims without prejudice.

## BACKGROUND

Plaintiff, a farmer who resides in Bovina, Texas, commenced this action *pro se* by filing a "Writ to Enact Parity" on October 30, 2017. ECF No. 1. Plaintiff alleges that he requested the "Parmer County Committee [] to implement Parity" in 2006, but the committee never responded to his request. *Id.* Thereafter, Plaintiff sought relief from Defendants and requested Defendants to set the price of farm commodities at a specific rate. *Id.* In his pleading, Plaintiff requests the Court to implement a ninety-percent parity program or 100-percent parity loan rate because Defendants have failed to do so, despite Plaintiff's numerous requests. *Id.* at 9–11.

On January 8, 2018, Defendants appeared in the case and filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 11. In their Motion, they argue that Plaintiff has alleged no waiver of sovereign immunity and has failed to state a claim upon which relief can be granted because his parity claims were previously litigated. ECF No. 11.

## LEGAL STANDARD AND ANALYSIS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Defendants seek dismissal under Rule 12(b)(1) because they are agencies of the United States government that do not have the power to sue or be sued. They assert that they are entitled to sovereign immunity from suit and cannot be sued unless Congress expressly waives their immunity. The Defendants note that the USDA "is an agency of the Government, not empowered . . . to be sued in evasion of sovereign immunity." ECF No. 12 at 5 (citing *U.S. Dep't of Agric. v. Hunter*, 171 F.2d 793, 795 (5th Cir. 1949); *see also Westcott v. U.S. Dep't of Agric.*, 611 F. Supp. 351, 353-54 (D. Neb. 1984), *aff'd*, 765 F.2d 121 (8th Cir. 1985) (dismissing the USDA as a defendant because Congress had not given it authority to be sued)). Defendants argue that FSA is similarly entitled to sovereign immunity. *See Conyugal P'ship v. Gracia*, 331 F. Supp. 521, 522 (D. P.R. 1971) (holding that the court lacked jurisdiction over the USDA and Farmers Home Administration (FHA) because "they are nonsuable governmental agencies"). FHA is the predecessor to USDA-FSA. *See* 7 U.S.C. § 6932(b)(3) (transferring responsibilities from FHA to the Consolidated Farm Service Agency); 60 Fed. Reg. 64297-01 (changing the name of Consolidated Farm Service Agency to Farm Service Agency).

"When [as here] a federal agency is the named defendant in an action, the general rule, which has been applied in numerous judicial decisions, is that the agency may be sued only if Congress has consented to the action, the reason being that the United States is the real party in the interest in the litigation." *Brazos Elec. Power Co-op v. San Miguel Elec. Co-op., Inc.*, No. A-14-CA-893-LY, 2015 WL 1651456, at *4 (W.D. Tex. Apr. 14, 2015) (quoting 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3655 (3d ed. 2013)). *See also Edwards v. USDA Rural Development*, No. 1:10-cv-605, 2011 WL 13217074, at

*3 (E.D. Tex. May 17, 2011) (granting motion to dismiss because "[t]he USDA is not an entity that can be sued, and is the wrong party against which to bring suit.").

Plaintiff has not alleged or otherwise shown that Congress has waived the Defendants' sovereign immunity as to the claims asserted in his Complaint. In the absence of such a waiver as to the two governmental agencies named as defendants, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and this case should be dismissed under Rule 12(b)(1). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, Plaintiff's claims should be dismissed without prejudice. The undersigned does not address the Rule 12(b)(6) aspect of Defendants' Motion, as the Court lacks subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Sidney A. Fitzwater **GRANT** Defendants' Motion to Dismiss (ECF No. 11), dismiss Defendants USDA and USDA-FSA as parties in this case without prejudice, and afford Plaintiff the opportunity to amend his Complaint to name a proper party defendant within fourteen days following Judge Fitzwater's later order concerning this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 29, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE